IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ANDREA R. FIELDS,**

**Defendant.**                                                            No. 10-30066-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

Pending before the Court is Fields' motion for bill of particulars (Doc. 42). Based on the following, the Court denies the motion. Fields contends that a bill of particulars is necessary because the discovery fails to inform her fully on the nature of the prosecution involving distribution as an essential element of the crime. Based on the following, the Court denies the motion.

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." **Fed.R.Crim.P. 7(f)**. A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." ***United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)**. "The choice to grant or deny such a motion is committed to the discretion of the trial court, and a decision denying a bill of particulars will be reversed only if it can be shown that the trial court abused its discretion in doing so."

***United States v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003)**. To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." ***Canino,* 949 F.2d at 949; *see also Fassnacht,* 332 F.3d at 446-47**. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." ***Fassnacht,* 332 F.3d at 446**. In the context of the necessity of a bill of particulars, the Seventh Circuit has stated that a defendant is "only entitled to know the offense with which he is charged, not all the details of how it will be proved." ***United States v. Richardson,* 130 F.3d 765, 776 (7th Cir. 1997), *vacated on other grounds,* 526 U.S. 813 (1999)**. Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses … or evidentiary detail." ***United States v. Johnson,* 504 F.2d 622, 628 (7th Cir. 1974); *see also United States v. Kendall,* 665 F.2d 126, 134-35 (7th Cir. 1981)**. In addition, a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. ***United States v. Hernandez,* 330 F.3d 964, 975 (7th Cir. 2003), *quoting Canino,* 949 F.2d at 949**.

The Court granted the Government until February 7, 2011 to respond to this motion. Since the Government did not respond, the Court is confronted with

the dilemma of whether to grant the motion on the presumption that the Government is confessing the motion by not responding or carefully considering the motion and making a determination on the merits. The Court chooses the latter course. Upon careful consideration, the Court finds that Fields is charged with distribution of heroin resulting in the death of David L. Roth, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). The indictment sets forth the elements of the offense and sufficiently apprises Defendant of the charge to enable her to prepare for trial. A bill of particulars is not necessary in this case. The answer to Defendant's query of whether there is a lesser included offense lurking about is not in a bill a particulars but in the law. Thus, the Court **DENIES** Fields' motion for bill of particulars (Doc. 42).

**IT IS SO ORDERED.**

Signed this 18th day of February, 2011.

David R. Herndon
2011.02.18
16:01:19 -06'00'

**Chief Judge**
**United States District Court**