IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT WELDON,

Defendant.

No. 10-30066-DRH

ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's motion for reduction of sentence pursuant to Section 3582 (Doc. 103). Weldon moves for reduction of his sentence pursuant to the recent Supreme Court case *Burrage v. United States*, 134 S.Ct. 881 (January 27, 2014). Based on the following, the Court DISMISSES for lack of jurisdiction defendant's motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for

new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Weldon does not cite any case law or statute which allows the Court to consider his motion. Rule 35 is inapplicable because his motion is brought almost 2 ½ years *after* the sentencing and Judgment (September 16, 2011 & September 19, 2011, respectively); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Weldon could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Weldon intends to pursue a collateral attack.[1]

Because the Court finds that Weldon's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain

---

[1] In the event that Weldon wishes to file a collateral attack as to this criminal case, the Court advises Weldon to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.

the motion. Accordingly, the Court dismisses for lack of jurisdiction Weldon's motion for reduction of sentence pursuant to Section 3582 (Doc. 103).

**IT IS SO ORDERED**.

Signed this 11th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.11 22:03:10 -05'00'

**Chief Judge
United States District Judge**